UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

STEVEN DELANEY, )
 )
        Petitioner, )
 )
v. ) Case No. 1:16-cv-01206-TWP-TAB
 )
UNITED STATES OF AMERICA, )
 )
        Respondent. )

**Entry Dismissing Motion to Vacate, Set Aside, or
Correct Sentence and Denying a Certificate of Appealability**

The petitioner filed a motion for relief pursuant to 28 U.S.C. § 2255 arguing that, under *Johnson v. United States*, 135 S.Ct. 2551 (2015), his sentence should be vacated because both the statute under which he was convicted, 18 U.S.C. § 2252(a)(2), and the Sentencing Guidelines under which he was sentenced, are unconstitutionally vague. Dkt. 1. For the reasons stated below, the motion for relief is **denied**.

*Johnson* held that a portion of the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") was unconstitutional, which raised questions about the validity of similar language throughout the law.

To the extent that petitioner seeks to extend the *Johnson* holding to 18 U.S.C. § 2252(a)(2), the Court finds that the holding in *Johnson* has no application to the petitioner's conviction or sentence. The petitioner entered a plea of guilty to distribution of material involving the sexual exploitation of minors under Section 2252(a)(2), which provides that any person:

> knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if—

(A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
(B) such visual depiction is of such conduct

18 U.S.C. § 2252(a)(2).

Nothing about *Johnson* impacts the validity of Mr. Delaney's sentencing. Mr. Delaney is not a violent felon, and no one ever argued that he was. Mr. Delaney pleaded guilty to knowingly distributing and receiving, and attempt to distribute and receive, child pornography, by any means including by computer, in violation of 18 U.S.C. § 2252(a)(2) and was sentenced based on factors related to that alone. Mr. Delaney also seeks to challenge the Sentencing Guidelines under *Johnson*, but the Supreme Court recently held that the Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. *Beckles v. United States*, 137 S. Ct. 886 (2017). In other words, the holding of *Johnson* does *not* apply to cases, like Mr. Delaney's, challenging guideline calculations.

For these reasons, the petitioner's motion to vacate, set aside or correct sentence is **dismissed with prejudice**. Judgment consistent with this Entry shall now issue and **a copy of this Entry shall be docketed in No. 1:13-cr-00019-TWP-MJD-1.**

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 11/20/2017

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to all electronically registered counsel via CM/ECF and by U.S. mail to:

STEVEN DELANEY
10892-028
ASHLAND - FCI
ASHLAND FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 6001
ASHLAND, KY 41105