UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:13-cr-19-TWP-MJD-01 |
| | |
| | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| v. | |
| STEVEN DELANEY | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cr-00019-TWP-MJD |
| | ) | |
| STEVEN DELANEY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Defendant Steven Delaney ("Delaney") has filed a *pro se* Petition for Compassionate Release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A), (Dkt. 78), as well as a Motion to Show Cause as to why his compassionate release motion should still be granted even though he is fully vaccinated (Dkt. 128). Delaney seeks immediate release from incarceration based on his risk of severe illness should he contract COVID-19. *Id.* For the reasons explained below, his Motion seeking compassionate release is **denied**.

## I.  BACKGROUND

In February 2013, Delaney pled guilty to one count of distributing child pornography in violation of 18 U.S.C. § 2256(2)(A).  (Dkt. 33; *see also* Dkt. 22.)  At his change of plea hearing, Delaney stipulated to the following factual basis.  In November 2011, Delaney sent two emails to a friend, each of which contained files depicting child pornography. (Dkt. 36 at 1-2.) Law enforcement officers observed 1,088 images and 916 videos depicting child pornography in Delaney's possession. *Id.* at 3.

A forensic search of his computer revealed there were 6,783 additional files that were deleted that appeared to depict child pornography. (Dkt. 42 at 5 ¶ 17.)  Delaney voluntarily admitted to collecting child pornography since 1997.  *Id*. at 4 ¶ 15.  He recalled molesting two

2

minor female relatives, approximate ages 14 and 11, while vacationing in California in 1994. *Id*. He also admitted molesting two other children between the ages of 12 and 16 at a party he attended in California during the same time frame, but noted attempts to engage in sex with one of the children were unsuccessful. *Id*. Delaney was sentenced to 188 months' imprisonment and a life term of supervised release. (Dkt. 55.) His anticipated release date (with good-conduct time included) is December 20, 2025. (Dkt. 117-1 at 1.)

Delaney is 62 years old and is incarcerated at the Federal Correctional Institution in Ashland, Kentucky ("FCI Ashland"). As of December 13, 2021, the Bureau of Prisons ("BOP") reports that 0 inmates and 0 staff members at FCI Ashland have active cases of COVID-19; it also reports that 282 inmates at FCI Ashland have recovered from COVID-19 and that six inmates at FCI Ashland have died from the virus. https://www.bop.gov/coronavirus/ (last visited Dec.13, 2021). The BOP also reports that 1,057 inmates at FCI Ashland have been fully inoculated against COVID-19. *Id.* That is, 84% of the inmates at FCI Ashland have been fully inoculated against COVID-19. *See* https://www.bop.gov/about/statistics/population_statistics.jsp (showing that as of Dec. 13, 2021, the BOP reports that FCI Ashland has a total inmate population of 1,253).

Delaney filed a *pro se* motion for compassionate release in May 2020, (Dkt. 78), and the Court appointed counsel, (kt. 79. Appointed counsel withdrew from the case, (Dkts. 87, 88), and Delaney filed several memoranda in support of his motion, (Dkts. 110, 112, 114). The Government filed a Response in Opposition to the motion asserting that Delaney is healthy, and does not have any medical conditions that make him especially vulnerable to COVID-19 and his motion should be denied on that basis alone. (Dkt. 117 at 1.) The Government further argues that releasing Delaney while he still has approximately five years of his sentence left to serve in prison cannot be reconciled with the section 3553(a) sentencing factors. *Id*. at 2. The Government contends the

risk Delaney poses to the community and the need for his sentence to promote respect for the law and to reflect the seriousness of his crimes outweigh any justification for release. He is a convicted child pornographer who should not be given an additional five years outside of prison walls. *Id.*

Delaney has submitted several filings in reply, including a response to the Court's Order to Show Cause why his motion should not be denied because the COVID-19 pandemic no longer presents an extraordinary and compelling reason for his release. (Dkts. 120, 121, 123, 128, 129, 130,131.) In his Motion to Show Cause response, Delaney states that he has received two doses of a COVID-19 vaccine. (*See* Dkt. 128 at 3, 5.)

Despite receiving the COVID-19 vaccines, Delaney asks the Court to grant his motion for compassionate release because it is likely that the BOP did not adequately store the vaccine and because people have contracted COVID-19 despite being fully vaccinated. *Id.* at 4-5. He asks the Court to consider a variety of factors including, but not limited to, his age, the amount of time he has been incarcerated, his efforts at rehabilitation, the strength of his re-entry plan, his history of smoking, and the fulfillment of his financial obligation. *Id.* at 5-6.

## II.  DISCUSSION

Delaney seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). (Dkt. 78.) He contends that his age, his history of "excessive smoking," and the "lack of ability of FCI Ashland . . . to control the virus" establish extraordinary and compelling reasons to reduce his sentence to time served.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in

determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). But "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

The risk that Delaney faces from the COVID-19 pandemic is not an extraordinary and compelling reason to release him.[1] While the Court sympathizes with Delaney's fear of becoming infected with the virus, the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); *United States v. Jackson*, No. 1:18-cr-314-RLY-MJD01, Dkt. 33 (S.D. Ind. Aug. 12, 2020) (concluding that the general threat of contracting COVID-19 is not an extraordinary and compelling reason warranting a sentence reduction).

Additionally, even if the Court concludes that Delaney's age and history of smoking put him at an increased risk of severe illness for COVID-19, such a conclusion no longer constitutes an extraordinary and compelling reason for a sentence reduction. Three vaccines are being widely distributed in the United States, including the mRNA vaccine that Delaney received. (*See* Dkt. 128 at 3, 5.) Although no vaccine is perfect, studies have provided a growing body of evidence that mRNA COVID-19 vaccines offer similar protection in real-world conditions as they have in

---

[1] In keeping with the Seventh Circuit's instruction in *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020), the Court has considered the rationale provided by Delaney's warden in denying Delaney's administrative request for relief. The warden appears not to have considered the possibility that Delaney could show an "extraordinary and compelling reason" under Subsection (D) of Application Note 1 to U.S.S.G. § 1B1.13. *See* Dkt. 110 at 19, 21, 24. Thus, the warden's decision provides little guidance to the Court's analysis.

clinical trial settings, reducing the risk of COVID-19, including severe illness, by 90% or more among people who are fully vaccinated. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Dec. 13, 2021). The Centers for Disease Control and Prevention ("CDC") also reports that the COVID-19 vaccines authorized for use in the United States offer protection against Delta and other variants currently spreading here, https://www.cdc.gov/coronavirus/2019-ncov/variants/variant.html (last visited Dec. 13, 2021). Even after Delta became the most common variant of COVID-19, the CDC reports that fully vaccinated people's risk of being hospitalized or dying from the virus was reduced by 10 times as compared to unvaccinated people. *See* https://www.cdc.gov/mmwr/volumes/70/wr/mm7037e1.htm (last visited Dec. 13, 2021). The vaccines are not 100% effective, and some vaccinated people may still get sick. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html. The CDC reports, however, that mRNA COVID-19 vaccines have been shown to provide protection against severe illness and hospitalization among people of all ages eligible to receive them, including people 65 years and older who are at higher risk of severe outcomes from COVID-19. *Id.*

COVID-19 vaccines have been made widely available within the BOP. As of December 13, 2021, the BOP has administered more than 268,000 doses of the vaccine and has fully inoculated tens of thousands of BOP staff members and inmates. *See* https://www.bop.gov/coronavirus/ (last visited Dec. 13, 2021). Delaney has now received both doses of the COVID-19 vaccine—thus, dramatically reducing his chances of being infected with COVID-19 and suffering severe symptoms if he is infected. In addition, as noted above, over 80% of the inmates housed at FCI Ashland have received both doses of the COVID-19 vaccine. This high rate of vaccination at FCI Ashland should provide Delaney with additional protection against

6

infection.   *See*   https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Dec. 13, 2021) ("In addition to providing protection against COVID-19, there is increasing evidence that COVID-19 vaccines also provide protection against COVID-19 infections without symptoms (asymptomatic infections). COVID-19 vaccination can reduce the spread of disease overall, helping protect people around you.").

Recently, the Seventh Circuit held that COVID-19 could not be an extraordinary and compelling reason for release for an inmate who had declined the vaccine without an adequate medical justification. *See United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021).  In so holding, the court reasoned,

> [F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer far more relief than a judicial order. A prisoner who can show that he is unable to receive or benefit from a vaccine may still turn to this statute, but, for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release.

*Id.* at 803.

Delaney has been fully vaccinated against COVID-19 and over 80% of the inmates at his facility have been fully vaccinated.  All inmates—and, indeed, all people—are subject to some risk from infectious disease.  While the COVID-19 vaccine may not offer Delaney perfect protection, the risk that he will become severely ill or die from the virus has been substantially diminished.  Additionally, although Delaney speculates that the vaccine doses he received were expired or ineffective, he has provided no evidence to support his speculation.  Given these facts, and the rationale of *Broadfield*, the Court declines to exercise its discretion to find that the risk Delaney faces from the COVID-19 pandemic constitutes an extraordinary and compelling reason warranting release under § 3582(c)(1)(A).  *See United States v. Gaskins*, No. 1:16-cr-249-JMS-

MJD-3, Dkt. 274 (S.D. Ind. Feb. 16, 2021) (finding no extraordinary and compelling reason based on COVID-19 risk where defendant had been fully vaccinated).

Because the Court declines to find extraordinary and compelling reasons warranting release, it need not determine whether the § 3553(a) factors warrant release.

### III.   <u>CONCLUSION</u>

For the reasons stated above, Delaney's Motion for Compassionate Release, Dkt. [78], is **DENIED**.   His Motion to Show Cause, Dkt. [128], is **GRANTED** to the extent the Court considered it as a response to the Court's Order to Show Cause.

**SO ORDERED.**

Date:  12/20/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Steven Delaney, #10892-028
Federal Correctional Institution
P.O. Box 6001
Ashland, Kentucky  41105

Adam Eakman
UNITED STATES ATTORNEY'S OFFICE
adam.eakman@usdoj.gov